ANGELA HOOPER, SBN 334269
**LAW OFFICES OF ANGELA HOOPER**
315 Wall Street, Suite 8
Chico, CA 95928
(530) 680-4689
Email: ahooper116@gmail.com

Attorney for Plaintiff,
Cheryl Wik

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHERYL WIK,<br><br>  Plaintiff,<br><br>v.<br><br>SOUTHERN HUMBOLDT COMMUNITY HEALTHCARE DISTRICT dba SOHUM HEALTH and DOES 1-10, inclusive,<br><br>  Defendants. | Case No.<br><br>**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**<br><br>1. **Age Discrimination under the Age Discrimination in Employment Act**<br>2. **Failure to Prevent Harassment, Discrimination, Retaliation**<br>3. **Breach of Contract**<br>4. **Breach of Implied Covenant of Good Faith and Fair Dealing**<br>5. **Whistleblower Retaliation**<br><br>**DEMAND FOR JURY TRIAL** |

PLAINTIFF CHERYL WIK ("PLAINTIFF or "WIK") respectfully submits the following Complaint against SOUTHERN HUMBOLDT COMMUNITY HEALTHCARE DISTRICT dba SOHUM HEALTH ("DEFENDANT" or "SOHUM HEALTH") for damages and demand for jury trial and alleges as follows:

### PARTIES AND JURISDICTION

1. PLAINTIFF was at all times relevant to this action a resident of Humboldt County and an employee of DEFENDANT SOHUM HEALTH.

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL** – 1

2. DEFENDANT SOHUM HEALTH was at all times relevant to this action a California Corporation with its principal place of business located at 509 Elm Street, Garberville, California 95542, in Humboldt County.

3. Jurisdiction is proper pursuant to 28 U.S.C § 1331 based on Plaintiff's claims under Title VII of the Civil Rights Act of 1964.

4. The Court has supplemental jurisdiction as to PLAINTIFF'S state claims pursuant to 28 U.S.C § 1367(a).

5. The Court has personal jurisdiction over DEFENDANT because DEFENDANT is a California Corporation with its principal place of business in Humboldt County, and DEFENDANT'S unlawful acts, which gave cause to the rise of this action, were committed in Humboldt County, California.

6. Venue is proper under 28 U.S.C 1391(b)(1) because all defendants are residents of the State of California.

7. PLAINTIFF is ignorant of the true names and capacities of the DEFENDANTS sued herein as DOES 1 through 10. PLAINTIFF is informed and believes, and on that basis alleges, that each DEFENDANT sued under such fictitious names is in some manner responsible for the wrongs and damages as alleged herein. PLAINTIFF does not at this time know the true names or capacities of said DEFENDANTS but prays that the same may be inserted herein when ascertained.

8. At all times relevant, each and every DEFENDANT was an agent and/or employee of each and every other DEFENDANT. In doing the things alleged in the causes of action stated herein, each and every DEFENDANT was acting within the course and scope of this agency or employment, and was acting with the consent, permission, and authorization of each remaining DEFENDANT. All actions of each DEFENDANT as alleged herein were ratified and approved by every other DFENDANT or their officers or managing agents.

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL** – 2

9.  Hereinafter DEFENDANTS SOUTHERN HUMBOLDT COMMUNITY HEALTHCARE DISTRICT dba SOHUM HEALTH and DOES 1 through 10 shall be referred to as "DEFENDANTS".

## EXHAUSTION OF REMEDIES

10.  PLAINTIFF has timely filed a complaint with the Department of Fair Employment and Housing ("DFEH") and has received a Right to Sue Notice on or about July 12, 2022. PLAINTIFF served a copy of her DFEH Complaint on DEFENDANT by Certified Mail. PLAINTIFF further contacted the Equal Employment Opportunity Commission to file a charge, but was notified that PLAINTIFF'S complaint with the DFEH would be cross-filed with the EEOC and that no further action was needed from PLAINTIFF.

11.  PLAINTIFF has timely filed a government tort claim with the SHCHD Governing Board on or about July 12. 2022, by Certified Mail. Having received no response to date, by law, PLAINTIFF can procced with the filing of her complaint with the District Court.

## STATEMENT OF FACTS

12.  At all times relevant, PLAINTIFF was and is over the age of 40 years old. PLAINTIFF began her employment with DEFENDANT on or about March 2018 as the Director of Nursing.

13.  DEFENDANT has a pattern and practice of discriminating and terminating employees over the age of forty (40) and replacing them with younger employees. Several older employees/coworkers have expressed concerns to PLAINTIFF about being "targeted" by DEFENDANT in fear of being replaced by younger employees.

14.  In or about February 2021, Jennifer Baskin (28), was hired as a Clinic Manager with no real experience or education in hospital management. In June of 2021, Baskin was promoted to Manager of Human Resources.

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL** – 3

15. In or about November 2021, Matt Rees, Chief Executive Officer (CEO), called PLAINTIFF and PLAINTIFF'S co-worker, Adelaida Yanez, (YANEZ) into his office to discuss the vacant position of Chief Nursing Officer (CNO). Rees told PLAINTIFF and Yanez that the CNO duties would be divided between the two of them, while promising a pay increase for the increase in duties.

16. PLAINTIFF found DEFENDANT'S decision to split the duties between Yanez and herself odd because the CNO position required the CNO to have more than a year of management experience, which Yanez did not have. It soon became clear that PLAINTIFF received the extra workload while Yanez received the title and pay increase of CNO.

17. On November 24, 2021, Yanez became the Interim Chief Nursing Officer.

18. In December of 2021, PLAINTIFF was given the quarterly CNO task called payroll-based journal, which was the first time the hospital was audited by the California Department of Public Health (CDPH). PLAINTIFF worked tirelessly at completing the task by the deadline. Afterwards, PLAINTIFF complained to Matt Rees about performing a substantial amount of the CNO duties by herself without receiving the promised pay increase for the increased workload.

19. On December 2, 2021, PLAINTIFF reported that Yanez (CNO) was not submitting the weekly Covid Stats per the CDPH. Yanez told PLAINTIFF she believed the weekly submission of COVID statics was optional. After calling the CDPH, Yanez was informed that the weekly reporting was mandatory. Yanez told PLAINTIFF to do it for her. PLAINTIFF initially refused, but she was then approached by Rees and Yanez and told to do the reporting.

20. On December 3, 2021, Matt Rees, Yanez and PLAINTIFF had a meeting where Yanez and PLAINTIFF were able to discuss their differences and smooth things out moving forward. PLAINTIFF again asked Yanez about PLAINTIFF'S pay increase for

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL** – 4

performing the CNO duties, it was at that time that Yanez told PLAINTIFF that Human Resources Manager Jennifer Baskin made a comment about PLAINTIFF stating, "just let her quit."

21. On December 30, 2021, Kristen Rees Chief Compliance Officer (CCO), daughter of CEO Matt Rees, called PLAINTIFF into her office. Yanez was also present in Kristen's office.

22. Kristen told PLAINTIFF that she had investigated an alleged Health Insurance Portability and Accountability Act (HIPAA) violation made by PLAINTIFF. Kristen told PLAINTIFF she violated HIPAA when PLAINTIFF told the Radiology Manager, Lora Simone, about the passing of a resident. Lore Simone, who works at the same facility, was also a team member of the deceased patient's care team. PLAINTIFF told Kristen that this was not a violation of HIPAA.

23. Yanez then told PLAINTIFF that as the Director of Nursing PLAINTIFF should have known that she violated HIPAA. Yanez then held a manila envelope in the air and waived it at PLAINTIFF. The manila envelope contained PLAINTIFF'S termination paperwork.

24. PLAINTIFF did not violate HIPAA by telling a member of the patient's care team that the patient had passed. Furthermore, when residents pass, the Activity Director Joe Rial, writes a memorial for the deceased and submits it to the local newspaper, which further evidences that PLAINTIFF'S actions were not a violation of HIPAA.

25. On January 7, 2022, PLAINTIFF had a telephone conversation with Shanae Moore, a Licensed Vocational Nurse that had worked at the facility. Shanae Moore informed PLAINTIFF that Chelsea Hebard (under the age of 40) a Registered Nurse at the facility, had been asked by management at the facility if Chelsea would consider being Director of Nursing one month before PLAINTIFF was terminated.

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL** – 5

26. On January 24, 2022, PLAINTIFF spoke with Judy Gallagher, the previous CNO. Judy felt it was necessary to speak with PLAINTIFF after she heard PLAINTIFF was terminated to inform PLAINTIFF about a conversation Judy had with CEO Matt Rees in November of 2021. Judy mentioned to Matt Rees that she felt PLAINTIFF was not getting the recognition PLAINTIFF deserved for her work at the facility. Rees replied by stating to Judy that PLAINTIFF took too much time off when PLAINTIFF fractured her clavicle in or about May of 2020, referring to how long it took PLAINTIFF to recover from an injury.

27. PLAINTIFF believes, and based thereon alleges, that DEFENDANTS increased PLAINTIFF'S workload without proper compensations, DEFENDANTS unlawfully disciplined PLAINTIFF, and DEFENDANTS terminated PLAINTIFF'S employment all based on PLAINTIFF'S age.

28. PLAINTIFF is further informed and believes that DEFENDANTS retaliated against PLAINTIFF because PLAINTIFF made lawful complaints about not receiving promised compensation and for reporting YANEZ' improper COVID charting.

29. DEFENDANTS targeted PLAINTIFF and terminated her employment under pretext of a HIPAA violation that never existed.

## FIRST CAUSE OF ACTION

## AGE DISCRIMINATION under ADEA

**(Plaintiff against all Defendants)**

30. The allegations set forth in this Complaint are hereby realleged and incorporated by reference.

31. At all times relevant to this action PLAINTIFF was over the age of 40. At all times relevant to this action PLAINTIFF was an employee of DEFENDANT.

32. In or about May 2020, PLAINTIFF suffered an injury to her clavicle, which required PLAINTIFF seek six weeks of leave off work. PLAINTIFF was over the age of 50

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL** – 6

at the time, and her recovery took longer than expected. PLAINTIFF was fully able to return to her normal work duties after the completion of her medical leave.

33. In or about JANUARY 2022, PLAINTIFF was notified by a previous co-worker, Judy Gallagher, that DEFENDANT'S CEO MATT REES was not promoting PLAINTIFF by title or wage increase because Rees felt PLAINTIFF took too long to recover from her clavicle injury.

34. In February 2021, PLAINTIFF was promised a wage increase for performing the duties of the Chief Nursing Operator, but never received the increase while her co-worker did.

35. In January 2022, PLAINTIFF was falsely accused of violating HIPAA privacy rights by MATT REES'S daughter, who eventually terminated PLAINTIFF from her employment with DEFENDANT.

36. It is PLAINTIFF'S belief that PLAINTIFF was targeted, discriminated against, and harassed based on her age. At all times relevant, PLAINTIFF was qualified and able to perform the essential functions of her job.

37. PLAINTIFF'S age was a substantial and motivating factor in DEFENDANT'S adverse employment actions taken against PLAINTIFF.

38. As a result of DEFENDANT'S conduct, PLAINTIFF has suffered harm.

39. The above-described actions were perpetrated and/or ratified by a managing agent or officer of DEFENDANTS. These acts were done with malice, fraud, oppression, and in reckless disregard of PLAINTIFF'S rights. Further, said actions were despicable in character and warrant the imposition of punitive damages in a sum sufficient to punish and deter DEFENDANTS' future conduct.

40. As a proximate result of the aforementioned violations, PLAINTIFF has been damaged in an amount according to proof, but in an amount in excess of the

jurisdiction of this Court.  PLAINTIFF also seeks "affirmative relief" or "prospective relief" as defined by Government Code §12926(a), including back pay, reimbursement of out of pocket expenses, expunging of records and any such other relief to correct DEFENDANT'S unlawful practices that this Court deems proper.

Wherefore, PLAINTIFF requests relief as hereinafter prayed for.

## SECOND CAUSE OF ACTION

## FAILURE TO PREVENT HARASSMENT, DISCRIMINATION, RETALIATION

**(Plaintiff against all Defendants)**

41.  The allegations set forth in this Complaint are hereby realleged and incorporated by reference.

42.  PLAINTIFF was at all times relevant to this action in an employment relation with DEFENDANT as an employee of DEFENDANT.

43.  PLAINTIFF suffered harassment, discrimination, and retaliation because of PLAINTIFF'S age, including but not limited to, failure to promote or properly compensate PLAINTIFF, making unlawful comments about PLAINTIFF'S age and ability to recover from an injury, and making false allegations of workplace violations of HIPAA as a pretext to PLAINTIFF'S termination.

44.  DEFENDANT failed to take all reasonable steps in order to prevent such harassment, discrimination, and retaliation from occurring. In fact, DEFENDANT encouraged and supported the discrimination and harassment being suffered by PLAINTIFF.

45.  PLAINTIFF'S harm was a direct result of DEFENDANTS failure to prevent, harassment, discrimination, and retaliation suffered by PLAINTIFF.

Wherefore, PLAINTIFF prays for relief.

## THIRD CAUSE OF ACTION

## BREACH OF CONTRACT

### (Plaintiff against all Defendants)

46. The allegations set forth in this Complaint and hereby realleged and incorporated by reference.

47. PLAINTIFF and DEFENDANT entered into a contract for employment. DEFENDANT offered to pay PLAINTIFF money in exchange for PLAINTIFF'S performance of services.

48. PLAINTIFF substantially performed under the terms of the contract, and was at all times relevant, qualified to perform the essential functions of her job.

49. DEFENDANTS breached the contract when they terminated PLAINTIFF'S employment based on unlawful animus because of PLAINTIFF'S age and because of PLAINTIFF'S lawful complaints about failure to compensate and improper charting.

50. DEFENDANTS' breach was material and caused PLAINTIFF to suffer harm.

51. DEFENDANT'S breach of contract was a substantial factor in causing PLAINTIFF'S harm.

Wherefore PLAINTIFF prays for relief.

## FOURTH CAUSE OF ACTION

## BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

### (Plaintiff against all Defendants)

52. The allegations set forth in this Complaint and hereby realleged and incorporated by reference.

53. In every contract or agreement there is an implied promise of good faith and fair dealing. This implied promise means that each party will not do anything to unfairly interfere with the right of any other party to receive the benefits of the contract.

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL** – 9

54. DEFENDANTS breached the implied covenant of good faith and fair dealing when they terminated PLAINTIFF'S employment based on her age and based on the making of lawful complaints within the workplace.

55. DEFENDANTS' unlawful conduct unjustly interfered with PLAINTIFF'S ability to receive the benefit of the contract because PLAINTIFF would no longer have employment and receive compensation.

56. By doing so, DEFENDANT did not act fairly and in good faith. DEFENDANTS' conduct caused harm to PLAINTIFF.

Wherefore, PLAINTIFF prays for relief.

## FIFTH CAUSE OF ACTION

## WHISTLEBLOWER RETALIATION

**(Plaintiff against all Defendants)**

57. The allegations set forth in this Complaint and hereby realleged and incorporated by reference.

58. PLAINTIFF was at all times relevant to this action in an employment relation with DEFENDANT as an employee of DEFENDANT.

59. PLAINTIFF was aware of various employment practices such as age discrimination and the harassment PLAINTIFF suffered during the course of the employment relationship with DEFFENDANT and made complaints to DEFENDANT regarding these practices, including but not limited to requiring PLAINTIFF to perform work above her classification without properly compensating PLAINTIFF.

60. PLAINTIFF is informed and thereon believes that the practices instituted by DEFENDANT were in violation of, and in non-compliance with, state and/or federal statute.

61. PLAINTIFF further complained to DEFENDANT about improper COVID charting which PLAINTIFF believed was a violation of state and/or federal statute.

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL** – 10

62.   PLAINTIFF'S attempt to bring these issues to the attention of DEFENDANT was the direct cause and a substantial factor in DEFENDANTS' decision to terminate PLAINTIFF'S employment.

63.   PLAINTIFF has suffered harm as a result of DEFENDANTS' retaliatory conduct. DEFENDANTS' conduct was a substantial factor in causing PLAINTIFF'S harm.

Wherefore, PLAINTIFF prays for relief.

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF demands judgment against DEFENDANTS, and any other DEFENDANTS who may be later added to this action as follows:

1.   For compensatory damages, including general and special damages in an amount according to proof;

2.   For attorneys' fees and costs pursuant to all applicable statutes or legal principles;

3.   For costs of suit incurred;

4.   For prejudgment interest on all amounts claimed;

5.   For punitive damages;

6.   For affirmative relief as defined by Government Code §12926 et seq., including back pay, reimbursement of out of pocket expenses and an expungement of records.

7.   For such other and further relief as the court may deem proper.

Date: December 30, 2022                  ___*Angela Hooper*___
                                         Angela Hooper
                                         Attorney for Plaintiff
                                         Cheryl Wik

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL** – 11

**DEMAND FOR JURY TRIAL**

Date: December 30, 2022

                                     *Angela Hooper*
                                     Angela Hooper
                                     Attorney for Plaintiff
                                     Cheryl Wik

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL** – 12